IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NICHOLAS WHITSON | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:21-cv-626 |
| | § | |
| TARGET STORE #1982 AND | § | |
| TARGET CORPORATION, | § | |
| Defendants. | § | |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Target Store #1982 and Target Corporation in the cause styled "Nicholas Whitson v. Target Store #1982 and Target Corporation," pending as Cause No. 21-0888-C26 in the 26th Judicial District Court of Williamson County, Texas, file this Notice of Removal of the cause to the United States District Court for the Western District of Texas, Austin Division.

## I.
## BASIS FOR REMOVAL

The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332. In particular, diversity jurisdiction exists in this case because there is complete diversity of citizenship between the parties, Defendants are not citizens of the State of Texas, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[1]

---

[1] *See* 28 U.S.C. § 1332; *see also* 28 U.S.C. § 1441(b)(2).

## II.
## DIVERSITY JURISDICTION

Plaintiff Nicholas Whitson ("Plaintiff"), upon information and belief, at the time of the initial filing of this action and at the current time of the removal of this action, was and is a citizen, resident, and domicile of the State of Texas.

Target Corporation is not a citizen of the State of Texas. Target's place of incorporation and principal place of business are within the State of Minnesota. Target has never been a resident of, incorporated in, or had its principal place of business in the State of Texas.

Target Store #1982 is non-existent entity and, therefore, not citizen of the State of Texas. To the extent "Target Store #1982" refers to the Real Party in Interest, Target Corporation, it is a citizen of the State of Minnesota. Target has never been a resident of, incorporated in, or had its principal place of business in the State of Texas.

## III.
## FACTUAL BACKGROUND

Plaintiff claims that, on or about June 25, 2019, he was injured when a metal shelf fell onto him, slicing his left arm, wrist and hand.[2] Plaintiff filed his Original Petition on June 23, 2021, in the 26th Judicial District Court of Williamson County, Texas, alleging causes of action for negligence against Defendants.

---

[2] See Pl.'s Orig. Pet. at p. 2, ¶5, attached hereto as Ex. 2.

## IV.
## THE AMOUNT IN CONTROVERSY

Plaintiff judicially admits in his Original Petition that he seeks "monetary relief of over $250,000, but not more than $2,000.000."[3] Specifically, Plaintiff seeks damages for past and future: medical expenses; loss of earning capacity; pain and suffering; mental anguish; and disability, disfigurement and impairment.[4] As a result, the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs, and this case is thus removable.[5]

## V.
## REMOVAL IS TIMELY

This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable."[6] Target first became aware this case was removable on or about June 28, 2021, when Target was served with Plaintiff's Original Petition. Accordingly, this removal is timely because it is made within thirty days after the receipt by Target of the document that first demonstrated the case was removable. Moreover, more than one year has not passed since the commencement of the action in state court on June 23, 2021.[7]

---

[3] *See id.*, at p. 2, ¶4 (Ex. 2); 28 U.S.C. § 1446(c)(2); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) (". . . unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."); *Buraimoh v. BMW of N. Am., LLC*, No. 1:20-CV-0019-RP, 2020 WL 7711823, at *2 (W.D. Tex. Dec. 29, 2020), report and recommendation adopted, No. 1:20-CV-19-RP, 2021 WL 2189176 (W.D. Tex. Jan. 26, 2021).

[4] *See id.*, at pp. 3-4, ¶7 (Ex. 2).

[5] *See Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 67 (5th Cir. 2010) (citing several cases holding allegations of several personal injuries and related damages established amount in controversy was in excess of the jurisdictional threshold).

[6] 28 U.S.C. § 1446(b).

[7] 28 U.S.C. § 1446(b)(3)(B).

## VI.
## VENUE

Venue is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the county in which the removed action has been pending.

## VII.
## PROCEDURAL REQUIREMENTS

Target filed with the Clerk of the 26th Judicial District Court of Williamson County, Texas a Notice of Filing Notice of Removal to Federal Court promptly after the filing of this Notice of Removal in compliance with 28 U.S.C. § 1446(d).

Pursuant to, and in accordance with, 28 U.S.C. §§ 1446(a) and 1447(b), a copy of the state court docket sheet and filings are attached hereto:

(1) State Court Docket Sheet (as of July 15, 2021);

(2) Plaintiff's Original Petition (filed June 23, 2021);

(3) Citation and Plaintiff Request (dated June 23, 2021); and

(4) Defendants' Verified Denial and Original Answer (filed July 9, 2021).

Also, in compliance with the Local Court Rules, Austin Division's Order Regarding Supplement to JS 44 Civil Cover Sheet, and Rule 7.1 of the Federal Rules of Civil Procedure, Target has filed the following documents with this Notice:

- Civil Cover Sheet;
- Supplemental Civil Cover Sheet; and
- Certificate of Interested Persons.

## VIII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendants respectfully pray that this case be removed to the United States District Court for the Western District of Texas, Austin Division and for such other and further relief to which they may show themselves justly entitled at law or in equity.

Respectfully submitted,

/s/ Donna C. Peavler
**Donna C. Peavler**
*Attorney-in-Charge*
State Bar No. 00783887
dpeavler@peavlerbriscoe.com
**Seth R. Lightfoot**
State Bar No. 24093625
slightfoot@peavlerbriscoe.com
**Peavler|Briscoe**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record, in accordance with and pursuant to the Federal Rules of Civil Procedure on July 15, 2021.

/s/ Donna C. Peavler
**Donna C. Peavler**