# EXHIBIT 1

Exhibit 1

# REGISTER OF ACTIONS
### CASE NO. 21-0888-C26

| | | |
|---|---|---|
| Nicholas Whitson vs. TARGET STORE # 1982 and TARGET CORPORATION | § § § § § | Case Type: **Other Injury or Damage**<br>Date Filed: **06/23/2021**<br>Location: |

## PARTY INFORMATION

| | | | |
|---|---|---|---|
| | | | **Lead Attorneys** |
| **Defendant** | TARGET CORPORATION | | **Donna C. Peavler**<br>*Retained*<br>817-203-8232(W) |
| **Defendant** | TARGET STORE # 1982 | | **Donna C. Peavler**<br>*Retained*<br>817-203-8232(W) |
| **Plaintiff** | Whitson, Nicholas | | **Lance Sharp**<br>*Retained*<br>512-407-8800(W) |

## EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 06/23/2021 | **Original Petition (OCA)** |
| 06/23/2021 | **Request for Issuance** |
| 06/23/2021 | **Citation** |
| | TARGET STORE # 1982    Served    06/24/2021 |
| | Returned    06/25/2021 |
| | TARGET CORPORATION    Unserved |
| 06/25/2021 | **Return of Service** |
| 07/09/2021 | **Original Answer** |

# EXHIBIT 2

**Exhibit 2**

Cause Number 21-0888-C26 _____

| | | |
|---|---|---|
| **NICHOLAS WHITSON,** plaintiff | § § § § § § § § § § | **IN THE DISTRICT COURT OF** Williamson County - 26th Judicial District Court |
| v | | **WILLIAMSON COUNTY TEXAS** |
| **TARGET STORE #1982 AND TARGET CORPORATION,** defendants | | _____ **DISTRICT COURT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes NICHOLAS WHITSON, hereinafter called "Plaintiff", complaining of Defendants TARGET STORE #1982 and TARGET CORPORATION, hereinafter called "Defendants", and for cause of action Plaintiff would respectfully show unto the Court the following:

### I.
### DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

Plaintiff is an individual residing in Georgetown, Williamson County, Texas.

Defendant, TARGET STORE # 1982 is located at 1021 W. University Avenue Suite B3, Georgetown, Texas 78628-5339 and maybe served through the Store Director, Steven Buxton.

Defendant, Target Corporation is a foreign corporation and maybe served by serving its registered agent, C T Corporation System at 1999 Bryan St. Suite 900, Dallas, Texas 75201-3136

To the extent that one or more Defendants are conducting business pursuant to a trade name or assumed name not listed as a named party to this suit, then suit is brought against those Defendants pursuant to the terms of Texas Rules of Civil Procedure Rule 28, and Plaintiffs hereby demand that upon answer to this suit, Defendants answer in their correct legal and assumed names.

Page 1

Envelope# 54695515

## III.
## MISNOMER/ALTER EGO

In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## IV.
## VENUE

Venue of this lawsuit is proper in Georgetown, Williamson County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002 (a)(1) et. al. in that all or a substantial part of the events or omissions giving rise to this cause of action occurred in Williamson County, Texas.

This Court has jurisdiction over the lawsuit because the damages sought are within the jurisdictional limits of the court, and Plaintiff seeks only monetary relief of over $250,000, but not more than $2,000.000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## V.
## FACTS

On or about June 25, 2019, Plaintiff was working in the course and scope of his employment with Defendants. In the furtherance of his duties for Defendants, Plaintiff suffered an injury which caused serious, permanent and disabling injuries and resulting damages. On said date, Plaintiff was working with another Target employee breaking down the shelves. The other Target employee was inappropriately working above Plaintiff and caused a metal shelf to fall, slicing the Plaintiff's left arm, wrist and hand.

## VI.

## NEGLIGENCE

On the occasion in question, the incident was proximately caused by the negligence of the Defendants in one or more of the following respects specifically, but not limited to:

1. In failing to provide a safe place to work;

2. In failing to provide the proper equipment with which to do the work;

3. In failing to warn of any dangers;

4. In failing to provide the proper assistance with which to do the work;

5. In failing to adequately establish and enforce safety rules and regulations; and

6. In failing to eliminate unsafe methods and operations.

Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this suit, and the Plaintiff's injuries and damages pled herein.

## VII.
## DAMAGES

As a proximate cause of the Defendants' negligence the Plaintiff has sustained the following damages:

(1) Medical expenses in the past;

(2) Medical expenses that, in reasonable medical probability, will be incurred in the future;

(3) Lost of earning capacity in the past;

(4) Loss of earning capacity that, in reasonable probability, will be incurred in the future;

(5) Pain and suffering in the past;

(6) Pain and suffering that, in reasonable probability, will be suffered in the future;

(7) Mental anguish suffered in the past;

(8)  Mental anguish that, in reasonable probability, will be suffered in the future;

(9)  Disability, disfigurement and impairment in the past; and

(10) Disability, disfigurement and impairment that, in reasonable probability, will occur in the future;

Based on the above enumerated injuries and damages which were caused by the negligent acts and/or omissions of the Defendants, the Plaintiff pleads for actual damages in an amount that the jury deems reasonable under the circumstances which exceed the minimum jurisdictional limits of the Court.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests that the Defendants be cited to appear and answer herein, and that upon a final hearing hereof, the Plaintiff has judgment against the Defendants for actual damages in an amount the jury deems reasonable under the circumstances which is in excess of the minimum jurisdictional limits of the Court together with pre-judgment interest, post-judgment interest, costs of court, and for such other and further relief to which the Plaintiff may be justly entitled.

Respectfully submitted,

THE SHARP FIRM
P.O. Box 302887
Austin, Texas 78703
(512) 407-8800
(512) 407-8806 fax

By:/s/ Lance D. Sharp
   Lance D. Sharp
   Lance@sharpfirm.com
   State Bar No. 18117850

   Laura Bellegie Sharp
   Laura@sharpfirm.com
   State Bar No. 02105670

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT 3

Exhibit 3

# CITATION
## THE STATE OF TEXAS, COUNTY OF WILLIAMSON
## NO. 21-0888-C26

**NICHOLAS WHITSON VS. TARGET STORE # 1982 AND TARGET CORPORATION**

TO: TARGET CORPORATION
By Serving Its Registered Agent C T Corporation System
1999 BRYAN ST SUITE 900
DALLAS TX 75201-3136

DEFENDANT in the above styled and numbered cause:

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment for the relief demanded in the petition may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION in the above styled and numbered cause, which was filed on the 23rd day of June, 2021 in the 26th Judicial District Court of Williamson County, Texas. This instrument describes the claim against you.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office on this the 23rd day of June, 2021.

| | |
|---|---|
| ADDRESS OF LEAD ATTORNEY FOR PETITIONER:<br>Lance Sharp<br>PO Box 302887<br>Austin TX  78703 | *Lisa David, District Clerk*<br>PO Box 24, Georgetown, TX 78627<br>Williamson County, Texas<br>(512) 943-1212 |



BY: *Sabrina Rodriguez*
Sabrina Rodriguez, Deputy

## RETURN OF SERVICE

Came to hand on the 23rd day of June, 2021, at 4:00 o'clock P M. and executed at _____, within the County of _____, Texas, at _____ o'clock __M. on the _____ day of _____, 20____, by delivering to the within named _____, in person a true copy of this citation, with a true and correct copy of the PLAINTIFF'S ORIGINAL PETITION attached thereto, having first endorsed on such copy of citation the date of delivery.

* *NOT EXECUTED*, the diligence used to execute being *(show manner of delivery)* _____
_____; for the following reason _____,
the defendant may be found at _____.
*Strike if not applicable.*

TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY _____ COUNTY, TEXAS
_____ SHERIFF/CONSTABLE    BY: _____ DEPUTY

FEE FOR SERVICE OF CITATION : $ _____

> COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.
> *In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.*
> My name is _____, my date of birth is _____, and my address is
>      Please print.    (First, Middle, Last)
> _____ (Street, City, Zip).
> I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
> Executed in _____ County, State of _____, on the ____ day of _____, 20____.
>
>      Declarant/Authorized Process Server                    ID # & expiration of certification



Certified Article Number
9414 7266 9904 2186 4099 62
SENDER'S RECORD

DELIVERED:
ON: 6/24/21
BY: SLT  PSC # 1224

Filed: 2/23/2021 2:28 PM
Lisa David, District Clerk
Williamson County, Texas
Sabrina Rodriguez

# THE SHARP FIRM

LANCE D. SHARP*
LAURA BELLEGIE SHARP

*BOARD CERTIFIED PERSONAL INJURY TRIAL
LAW-TEXAS BOARD OF LEGAL SPECIALIZATION

P. O. Box 302887
AUSTIN, TEXAS 78703
(512) 407-8800 (PHONE)
(512) 407-8806 (FAX)

February 09, 2019

Williamson County District Clerk
Attn: Lisa David
P. O. Box 24
Georgetown, TX 78627

    Cause No.: 21-0888-C26 Nicholas Whitson v. Targets Store #1982 and Target Corporation, In the District Court of Williamson County-26th Judicial District Court

Dear Ms. David:

  I am requesting two citations be issued in the above style and cause number. The following parties should be issued a citation:

1. Target Store #1982
  Store Director: Steven Buxton
  1021 W. University Avenue, Suite B3
  Georgetown, TX 78628-5339

2. Target Corporation
  C T Corporation System
  1999 Bryan St. Suite 900
  Dallas, TX 75201-3136

  I am requesting that the citations be sent to Thomas Process at Scott@thomasprocess.org. Additionally, please send a courtesy copy to my office at Lance@sharpfirm.com. Thank you for your prompt attention to this matter.

          Sincerely,

          /s/ Lance D. Sharp
          Lance D. Sharp

Envelope# 54707611

# EXHIBIT 4

**Exhibit 4**

NO. 21-0888-C26

| | | |
|---|---|---|
| NICHOLAS WHITSON, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| vs. | § | 26TH JUDICIAL DISTRICT COURT |
| | § | |
| TARGET STORE #1982 AND | § | |
| TARGET CORPORATION, | § | |
| Defendants. | § | WILLIAMSON COUNTY, TEXAS |

## DEFENDANTS' VERIFIED DENIAL AND ORIGINAL ANSWER

Defendants hereby file their Verified Denial and Original Answer to Plaintiff's Original Petition and in support thereof would respectfully show the following:

### I.
### VERIFIED DENIAL

1. By way of verified denial under Texas Rule of Civil Procedure 93, Defendants deny Plaintiff is entitled to recover from "Target Store #1982" in the capacity in which it has been sued. Defendants deny that "Target Store #1982" is an existing entity; was involved in the incident giving rise to this lawsuit; employed Plaintiff; or owned or operated the premises where the incident occurred. Consequently, Plaintiff has no right or potential right of recovery against "Target Store #1982" because it is not a proper party to this suit. *See, e.g.*, *Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 571 (Tex. 2006).

### II.
### GENERAL DENIAL

2. Defendants deny each and every material allegation contained in Plaintiff's Original Petition, demand strict proof thereof, and to the extent that such matters are

questions of fact, say Plaintiff should prove such facts by a preponderance of the evidence, if he can so do.

### III.
### DEFENSES AND LIMITATIONS ON DAMAGES AND LIABILITY

3. Defendants specifically deny Plaintiff's claim that they were negligent, and Defendants deny that their alleged acts or omissions proximately caused Plaintiff's alleged damages.

4. Defendants claim Plaintiff failed to use the degree of care and caution as would have been used by a reasonable person under the same or similar circumstances, which solely produced and proximately caused Plaintiff's alleged damages, if any.

5. Defendants claim that Plaintiff's alleged damages or injuries, if any, were caused by the acts or omissions of third persons not under the control of Defendant. Such acts or omissions of said third persons were the sole, producing, proximate, intervening, or supervening cause of Plaintiff's alleged damages or injuries, if any.

6. Defendants would show that the accident complained of was an unavoidable accident, as that term is known under Texas law.

7. Defendants contend any claims for past and future medical or health care expenses are limited to the customary and usual amounts charged for reasonable and necessary medical care and, as regards past medical expenses, are further limited to the amounts actually paid or incurred by or on behalf of Plaintiff, pursuant to Texas Civil Practice and Remedies Code § 41.0105.

8. Defendants contend that, pursuant to § 18.091 of the Texas Civil Practice & Remedies Code, to the extent Plaintiff is seeking recovery for loss of earnings, lost wages, loss of earning capacity, or loss of contributions of pecuniary value, evidence of this alleged loss must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

9. Defendants contend they are entitled to have the factfinder allocate responsibility, if any, among all parties, including settling parties and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

10. Defendants further state that, in the unlikely event an adverse judgment would be rendered against them in this matter, Defendants would respectfully pray for contribution, indemnity, and all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

11. Defendants are further entitled to, and specifically plead for, a credit or offset against any judgment that may be rendered against them for any and all amounts paid to, or on behalf of, Plaintiff under any of Defendants' benefit or insurance programs, including but not limited to the Target Corporation Texas Occupational Injury Benefit Plan.

## IV.
## REQUEST FOR COURT REPORTER

12. Defendants respectfully demand a court reporter be present at all proceedings before the Court.

# V.
# PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendants respectfully pray Plaintiff take nothing by this cause of action, Defendants be permitted to recover the costs expended on their behalf, and for such other and further relief that Defendants may show themselves justly entitled, in law or in equity.

Respectfully submitted,

/s/ Donna C. Peavler
**Donna C. Peavler**
State Bar No. 00783887
dpeavler@peavlerbriscoe.com
**Seth R. Lightfoot**
State Bar No. 24093625
slightfoot@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(817) 203-8232 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANTS**

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on July 9, 2021.

/s/ Donna C. Peavler
**Donna C. Peavler**

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF TARRANT** | § |

Before me, the undersigned authority, did personally appear Donna Peavler, who upon her oath deposes and says: she is one of the attorneys of record for Defendant; she has never been convicted of a felony or disqualifying crime; she is over the age of 21; and she is competent to make this verification. Accordingly, she verifies that the facts alleged in "Section I. Verified Denial" of the foregoing pleading are within her personal knowledge and true and correct.

_____
Donna Peavler

Subscribed and sworn to before me on this ___9th___ day of July 2021.

JANIE CARDWELL KARRINGTON
Notary ID #130146028
My Commission Expires
May 28, 2024

_____
NOTARY PUBLIC in and for the State of Texas

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Donna Peavler on behalf of Donna Peavler  
Bar No. 783887  
dpeavler@peavlerbriscoe.com  
Envelope ID: 55200878  
Status as of 7/9/2021 1:44 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Lance DSharp | | Lance@Sharpfirm.com | 7/9/2021 1:14:38 PM | SENT |
| LAURA BELLEGIESharp | | LAURA@SHARPFIRM.COM | 7/9/2021 1:14:38 PM | SENT |
| Donna Peavler | | dpeavler@peavlerbriscoe.com | 7/9/2021 1:14:38 PM | SENT |
| Sandy Dixon | | sdixon@peavlerbriscoe.com | 7/9/2021 1:14:38 PM | SENT |
| Seth R.Lightfoot | | slightfoot@peavlerbriscoe.com | 7/9/2021 1:14:38 PM | SENT |
| Janie Karrington | | jkarrington@peavlerbriscoe.com | 7/9/2021 1:14:38 PM | SENT |